UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DYLAN PANARRA,

               Plaintiff,

-against-

HTC CORPORATION, HTC AMERICA, INC., and HTC AMERICA CONTENT SERVICES, INC.,

               Defendants.

Case No. 6:20-CV-06991-FPG-MWP

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties during discovery or by third parties providing discovery in this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

155950614.1

2. The producing party shall designate material as Confidential Information in the following manner:

   a. In the case of specific documents produced, by affixing, legibly, the legend "CONFIDENTIAL" to each page of each document meeting the relevant designation. In the case of electronically stored information produced in electronic form on physical media, the producing party shall also affix to the physical media on which any such information is produced the legend "CONFIDENTIAL."

   b. In the case of interrogatory answers and responses to requests for admission, by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated Confidential, and by affixing, legibly, the legend "CONFIDENTIAL" to each page of each document meeting the relevant designation.

   c. In the case of depositions: (i) by indicating on the record at the deposition that the testimony is Confidential Information and is subject to the provision of this Order; or (ii) by notifying all parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Confidential Information. Each party shall thereafter place a notice on the face of the transcript, and each copy thereof in its possession, custody or control, noting that portions of the transcript contain Confidential Information. The entire deposition transcript (including exhibits) shall be treated as Confidential under this Protective Order until the expiration of the above-referenced 30-day period for designation.

    d. To the extent that information stored or recorded in the form of electronic or magnetic media (including, information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes) is produced in a native or other form such that it cannot be labelled as described in Paragraph 2(a) above, the producing party may designate such matter as Confidential Information by cover letter referring generally to such matter or by labelling such media accordingly.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties must make a good-faith attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion challenging a confidentiality designation must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer conference with the producing party in an effort to resolve the dispute without court action and in accordance with the Court's Civility Principles and Guidelines. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires, at minimum, a telephone conference. If the parties are unable to reach an accord as to the proper designation of the material, then after giving reasonable notice (which shall be at least 3 business days) to the producing party, the objecting party may apply to the Court for a ruling that the material shall not be so designated. Any

155950614.1

challenge to the propriety of a Confidential designation shall be made within 30 days of the designation being made. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated Confidential shall be treated as such until the Court rules that such material should not be treated as Confidential.

6. Documents designated as Confidential shall not be disclosed to any person, except:

    a.    The requesting party's counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation, as well as outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in the action, provided that counsel for the party retaining the service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    c.    Consultants or experts (or any employee of such consultant or expert) retained by counsel for the purposes of assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court), jurors, and persons recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the action;

    e.    Any witness who counsel for a party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial, hearing or deposition in this action (and their counsel), provided such

155950614.1

      person (a) has been identified in discovery as a person with knowledge of relevant facts; and (b) prior to disclosure, been advised of the contents of this Order; and

  f.    As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

  g.    Any other person to whom the producing party agrees to disclosure in writing in advance of the disclosure or on the record at a deposition or at a Court proceeding in advance of the disclosure.

7.  The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

8.  Nothing in this Protective Order alters applicable law regarding burdens of proof if a receiving party challenges the designation of a document as Confidential or a producing party seeks to seal a Confidential document.

9.  Prior to disclosing or displaying the Confidential Information to any person, counsel must:

  a.    Inform the person of the confidential nature of the information or documents;

  b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c.    For individuals to whom disclosure is permitted under subparagraphs "c," or "e" of Paragraph 6, require each such person to sign an agreement to be

       bound by this Order in the form attached as Exhibit A.  Counsel for the party obtaining any signed copy of Exhibit A shall retain the copy and shall send a copy to counsel for other parties in the litigation at the close of litigation.

10. Persons receiving Confidential Information are prohibited from disclosing it to any person except in conformance with this Protective Order.  The recipient of any Confidential Information that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and Confidential Information.

11. The disclosure of a document or information without designating it as Confidential shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order. If a confidential designation has not been made in 30 days of disclosure, it is waived.

12. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.  Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state

proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

13. Documents containing Confidential Information shall not be filed with the Court unless it is reasonably necessary to do so for purposes of motions, trial, or other Court matters. If the receiving party wishes to publicly file the producing party's Confidential Information, the receiving party will meet and confer with the producing party in good faith at least 7 days in advance of when a party intends to file the Confidential Information to determine whether such Confidential Information should be filed under seal.  If after such meet and confer the producing party wishes for the Confidential Information to be filed under seal by the receiving party, then the producing party shall, seek determination from the Court whether the document should be filed under seal. While the motion is pending, receiving party shall not publicly file a producing party's Confidential Information unless the Court has ruled that it can do so. While the motion is pending, any documents at issue will be e-mailed to chambers of the presiding judge instead of e-filed and will be deemed timely. If a producing party files its own Confidential Information under seal, it shall do so in accordance with the Court's Local Rule 5.3 and its Administrative Procedures Guide for Electronic Filing, but no meet and confer with the receiving party is required.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer

7

subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. Confidential Information in such working files shall not be used for any purpose after the expiration of the 30-day period of this paragraph. Nothing in this paragraph shall prohibit the mere review by the parties' counsel of their own working files, but Confidential Information in the working files shall remain confidential and shall not be used for any purpose other than this case, subject to paragraph 15 of this Order.

15. Any party that is served with a subpoena or other notice or process compelling the production of any Confidential Information produced by another party must promptly give written notice of such subpoena or other notice or process to the original producing party and include with the notice a copy of the subpoena. Notice shall be given within 3 business days of that party's receipt of a subpoena or court order. Notice shall be provided to Defendants by emailing Amanda Beane at Perkins Coie LLP at abeane@perkinscoie.com as well as HTC_Legal@htc.com. The receiving party shall cooperate in good faith with the designating party whose Confidential Information might be impacted, including withholding the production of Confidential Information while the designating party pursues relief from any subpoena or protection of the Confidential Information. However, the receiving party shall not be required to violate or be in contempt of a valid subpoena or Court order. The original producing party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

16. The Parties will meet and confer in good faith regarding Confidential Information if the matter proceeds to trial. The parties agree that this Order does not govern how Confidential Information is to be handled for purposes of admitting evidence or using Confidential Information at the trial of this matter. For avoidance of doubt, however, Confidential Information will remain Confidential after the discovery phase unless the producing party explicitly agrees otherwise or the Court orders otherwise, consistent with provisions of this Order, including, but not limited to, paragraphs 13, 17, and 18.

17. Confidential Information shall only be used for the purposes of this action, and for no other purpose. Nothing in this paragraph shall prohibit the mere review by the parties' counsel of their own working files, but Confidential Information in the working files shall remain confidential and shall not be used for any purpose other than this case, subject to paragraph 15 of this Order.

18. This Protective Order is binding on all parties to this action and any third parties providing discovery in this action. This Protective Order is also binding on all non-parties who have signed the attached Exhibit A. This Protective Order shall remain in force and effect until modified, superseded or terminated by consent of the parties or by further order of the Court.

IT IS STIPULATED AND AGREED, THROUGH COUNSEL OF RECORD

Dated:  February 22, 2021

 /s/ *Andrew Rozynski*
Andrew Rozynski
Eisenberg & Baum, LLP
24 Union Square East, Penthouse
New York, NY 10003
Main: (212) 353-8700
Fax: (917) 591-2875
arozynski@eandblaw.com

*Attorneys for Plaintiff*

Amanda J. Beane (*pro hac vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone:  206.359.800
Fax:  206.359.9000
Email:  abeane@perkinscoie.com

Matthew J. Moffa
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY  10036-2711
Phone:  212.262.6900
Fax:  212.399.8057
Email:  MMoffa@perkinscoie.com

*Attorneys for Defendants HTC Corporation, HTC America, Inc., and HTC America Content Services, Inc.*

SO ORDERED:

*s/Marian W. Payson*
Hon. Marian W. Payson
United States Magistrate Judge

Dated: February 23, 2022

10

155950614.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DYLAN PANARRA,

        Plaintiff,

  -against-

HTC CORPORATION, HTC AMERICA, INC., and HTC AMERICA CONTENT SERVICES, INC.,

        Defendants.

Case No. 6:20-CV-06991-FPG-MWP

STIPULATED PROTECTIVE ORDER

---

1. My name is _____.

2. I live at _____.

3. I am employed as (state position) _____.

4. by (state name and address of employer) _____.

5. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Protective Order and agree to comply with and to be bound by its provisions.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, _____ by _____

Signed: _____